*Summary Disposition July 15, 2009:*

LOFTON V AUTOZONE, INC, No. 136029. By order of October 1, 2008, this Court vacated the decision of the Workers' Compensation Appellate Commission (WCAC) mailed April 4, 2007, and remanded this case to the Board of Magistrates for reconsideration in light of *Stokes v Chrysler LLC*, 481 Mich 266 (2008), with instruction that the magistrate assigned to the case take additional proofs upon request of either party and issue a decision. This Court retained jurisdiction. On order of the Court, the assigned magistrate having subsequently presided over an evidentiary hearing and having submitted a new decision in accordance with this Court's instructions, we remand this case to the WCAC for review of any challenges the parties may have to the magistrate's decision pursuant to the standard of review established in MCL 418.861a. The motion for leave to file brief amicus curiae is granted. We do not retain jurisdiction. Court of Appeals No. 277845.

KELLY, C.J., and WEAVER and HATHAWAY, JJ. We would grant leave to appeal.

OAKLAND COUNTY V OAKLAND COUNTY DEPUTY SHERIFFS ASSOCIATION, No. 138444. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we vacate, as dictum, that portion of the judgment of the Court of Appeals stating that "it is well settled that county corrections officers and other employees who are not police officers are not subject to the hazards of police work." In all other respects, the application for leave to appeal is denied, because we are not persuaded that the questions presented should be reviewed by this Court. Reported below: 282 Mich App 266.

*Leave to Appeal Denied July 15, 2009:*

PEOPLE V HERNANDEZ, No. 137563; Court of Appeals No. 287028.

HENSON V BOAL, No. 138412; Court of Appeals No. 280796.

WEAVER, J. I would direct that oral argument be heard on the application for leave to appeal.

COLE V SUBURBAN MOBILITY AUTHORITY REGIONAL TRANSPORTATION, No. 138552; Court of Appeals No. 288480.

KELLY, C.J., and HATHAWAY, J. We would grant leave to appeal.

*Orders Granting Oral Arguments in Cases Pending on Application for Leave to Appeal July 17, 2009:*

BERKEYPILE V WESTFIELD INSURANCE COMPANY, No. 137353. We direct the clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(H)(1). The parties shall submit supplemental briefs within 42 days of the date of this order and shall address the effect of paragraph E(1)(a) of the Westfield policy's Michigan uninsured motorist coverage, which provides that "[i]f there is other applicable insurance available under one or more policies or provisions of coverage . . . [t]he maximum recovery under all coverage forms or policies

combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis." The parties should not submit mere restatements of their application papers. Reported below: 280 Mich App 172.

ROBINSON V CITY OF LANSING, No. 138669. We direct the clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(H)(1). The parties may file supplemental briefs within 42 days of the date of this order, but they should not submit mere restatements of their application papers.

The Michigan Association for Justice and the Michigan Municipal League are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae. Reported below: 282 Mich App 610.

*Summary Disposition July 17, 2009:*

LEASE ACCEPTANCE CORPORATION V ABEL, No. 138009. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and reinstate the order of the Oakland Circuit Court dismissing the plaintiff's consolidated actions with prejudice relative to future litigation in Michigan between the parties concerning the subject matter of the underlying lawsuit and without prejudice relative to future litigation outside Michigan. The trial court did not abuse its discretion in determining that Michigan was not "a reasonably convenient place for the trial of the action," MCL 600.745(2)(b), when considering the factors supplied in *Cray v Gen Motors Corp*, 389 Mich 382, 395-396 (1973). See also *Lease Acceptance Corp v Adams*, 272 Mich App 209 (2006). The motion to dismiss and request for sanctions is denied. Court of Appeals No. 278716.

MARKMAN, J. (*dissenting*). I would not reverse the Court of Appeals. Instead, I would grant leave to appeal to consider: (1) whether, contrary to MCL 600.745(2), which is designed to determine whether Michigan constitutes a *reasonably convenient* place for certain types of litigation, the trial court erred in importing a standard drawn from the common law, which is designed to determine whether Michigan constitutes the *most convenient* place for certain other types of litigation, thereby placing a greater burden on Michigan plaintiffs to sustain lawsuits in Michigan courts and a lesser burden on out-of-state defendants to sustain lawsuits in out-of-state courts; and (2) whether the trial court abused its discretion by finding that Michigan does not constitute a reasonably convenient place for the instant litigation, thereby requiring a Michigan business to make approximately 300 trips to California in order to bring a breach of contract action rather than requiring each of approximately 300 California defendants to make one trip to Michigan, so that the Michigan business can defend itself against a breach of contract action, despite the fact that each such defendant has contractually consented to personal jurisdiction in Michigan.